UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JANE DOE and JOHN DOE, Co-administrators   :
of the Estate of A.A.,                     :
                Plaintiffs, :
                                           :  **MEMORANDUM OPINION**
v.                                         :  **AND ORDER**
                                           :
BEDFORD CENTRAL SCHOOL DISTRICT,           :  18 CV 11797 (VB)
et al.,                                    :
                Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs commenced this action under the pseudonyms Jane Doe and John Doe. However, because a plaintiff may proceed anonymously only with leave of Court, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), the Court directed plaintiffs either to move for leave to proceed anonymously or to refile the complaint using their own names. (Doc. #9). Thereafter, plaintiffs moved to proceed anonymously (Doc. #14) and defendants opposed the motion.

      For the reasons set forth below, the motion to proceed anonymously is GRANTED.

      In exercising its discretion to decide whether to permit plaintiffs to proceed anonymously, the Court has balanced plaintiffs' interest in anonymity against the public interest in disclosure and the potential prejudice to defendants, considering the various non-exclusive factors set forth in Sealed Plaintiff v. Sealed Defendant, 537 F.3d at 186-90.

      Here, the balance tips decidedly in favor of anonymity.

      The central allegation is that, in the days before A.A., the thirteen year old son of Jane and John Doe, committed suicide, the defendant school district and several of its employees were aware of numerous disturbing emails sent by A.A. to a classmate, as well as a psychological

1

breakdown A.A. had at school, and did not timely inform A.A.'s parents or otherwise take action to assist A.A.

Thus, this case certainly involves matters that are highly sensitive and personal in nature. Moreover, the Court is concerned that if the details, not just the fact, of A.A.'s death and what led up to his death are made public in the community in which plaintiffs and their surviving children reside, including in the school which one of their children currently attends, the identities of the minor children may be exposed rendering them vulnerable to harassment, retaliation, and other emotional trauma. In addition, this suit challenges the actions of public school officials and employees, whose identities are disclosed, and the public's interest in the litigation would not be furthered by also requiring plaintiffs' identities to be disclosed. Indeed, the pleadings in this case identify both the incidents giving rise to the lawsuit and that it involves allegations of misconduct against the school district and certain members of its staff. Thus, the Court is satisfied the public's interest in being informed about the subject matter of the claims made in this case has been met.

Importantly, defendants – to whom plaintiffs' identities and the identity of A.A. are already known – will not in any way be prejudiced by allowing plaintiffs to proceed anonymously.

Finally, based on the sworn statements made by Jane and John Doe (Docs. ##16, 22, 23), the Court is persuaded plaintiffs have not discussed their claims publicly or in the media. Thus, there is no merit to defendants' argument that the motion should be denied because plaintiffs made "repeated prior efforts to solicit the attention of the world-wide-web [sic]." (Opp. Br. at 4).

**CONCLUSION**

Plaintiffs' motion for leave to proceed anonymously is GRANTED. However, because the relevant circumstances may change, the Court will review this matter again in 120 days. Accordingly, by June 7, 2019, plaintiffs' counsel shall submit a letter to the Court indicating whether plaintiffs wish to continue proceeding anonymously, and why. Within seven days of the filing of that letter, defendants' counsel may submit a letter in response.

By no later than February 11, 2019, defendants' counsel shall file on ECF a redacted version of their memorandum in opposition that removes all references that identify or can be used to identify plaintiffs' family, family name, or A.A. In the meantime, the Court will strike the memorandum from the docket.

Also by February 11, 2019, defendants' counsel shall submit a letter to the Court explaining why (i) they believed it appropriate to make specific reference to the name of a website which plaintiffs had filed under seal, and (ii) they refused plaintiffs' counsel's request that they re-file a redacted version of their opposition brief. Upon receipt of that letter, the Court will decide whether further action is necessary.

Plaintiffs' motion for leave to file under seal an unredacted version of their motion for leave to proceed anonymously is GRANTED. (Doc. #17). The Clerk is instructed to accept the same for filing under seal.

The Clerk is further instructed to:

1. issue the requested summonses in this case. (See Docs. ## 3, 4, 5, 6, 7).

2. strike Doc. #20 from the ECF docket.

3. terminate the motions. (Docs. ##14, 17).

Dated: February 8, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge