UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE and JOHN DOE,
Co-Administrators of the Estate
of A.A.,

                Plaintiffs,

  -against-

BEDFORD CENTRAL SCHOOL
DISTRICT; DR. CHRISTOPHER M.
MANNO; SUSAN OSTROFSKY;
HELAYNA HERSCHKORN;
and STEPHEN QUINN,

                Defendants.

---

Case No.: 18-cv-11797-PMH

## STIPULATION AND PROTECTIVE ORDER

Subject to the Court's approval, the parties in the above-captioned action (this "Action")—*i.e.*, Plaintiffs Jane Doe and John Doe as Co-Administrators of the Estate of A.A. and Defendants Bedford Central School District, Dr. Christopher M. Manno, Susan Ostrofsky, Helayna Herschkorn, and Stephen Quinn, (individually, a "Party," and collectively, the "Parties")—hereby stipulate to the following protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. This Stipulation and Protective Order (i) limits the review, copying, dissemination, and filing of confidential material (as defined herein), and (ii) sets forth the procedures for designating and protecting such material.

***Designation of Discovery Materials as Confidential***

        1.    This Stipulation and Protective Order shall apply to, and govern, all confidential information, as defined in Paragraph 3 herein ("Confidential Material"). This Confidential Material could include: (a) information disclosed in depositions; (b) documents produced in response to requests for production of documents; (c) answers to interrogatories; (d)

responses to requests for admissions; (e) all other discovery in any form; and (f) all copies thereof and information contained therein.

2. When used in this Stipulation and Protective Order, the phrase "Disclosing Party" shall refer to the Parties producing Confidential Material, and the phrase "Receiving Party" shall refer to the Parties receiving Confidential Material from a Disclosing Party.

3. A Disclosing Party may designate as "CONFIDENTIAL" any information, whether or not embodied in any physical or electronic medium, that the Disclosing Party believes in good faith constitutes information that falls into one or more of the following categories: (i) personal addresses, phone numbers, driver's license numbers, and IP addresses; (ii) medical, psychological, or mental health records and other medical information; (iii) financial account information and Social Security numbers; (iv) dates of birth; or (v) information required to be kept confidential by law or by court order, provided however that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law.

4. All transcripts of depositions taken in this Action will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, any party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 3 herein, and such designation must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

5. Confidential material shall be treated as confidential and not disclosed,

2

except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

***Who May Receive Confidential Material & Use Limitations***

6. Confidential Material subject to this Stipulation and Protective Order may be used only for purposes of this Action and shall not be disclosed by the Receiving Party to anyone other than those listed in Paragraph 9 herein, except by prior written agreement of the Parties or by order of the Court. Any person receiving Confidential Material shall use reasonable measures to store and maintain the Confidential Material so as to prevent unauthorized disclosure. Reasonable measures include, but are not limited to, taking any necessary action to maintain the security and integrity of data and files.

7. Persons to whom Confidential Material is disclosed per Paragraph 9 herein shall be informed, prior to being shown materials marked as "CONFIDENTIAL," that he/she (i) is being shown such materials solely for use in this Action, and (ii) shall not retain any documents marked as "CONFIDENTIAL" after the termination of this Action.

8. The recipient of any Confidential Material that is provided under this Stipulation and Protective Order shall maintain such material under direct control of counsel for the Receiving Party, who shall use reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Stipulation and Protective Order. All copies, reproductions, summarizations, extractions, and abstractions of the Confidential Material shall be subject to the terms of this Stipulation and Protective Order and labeled in the same manner as the designated material upon which they are based.

9. In the absence of an order of the Court, Confidential Material may be disclosed or made available only to the following persons:

    a.    The named parties to this Action and the attorneys working on this Action on behalf of any party, in-house/agency attorneys, paralegals and staff, stenographic and clerical employees, and contractors working under the direct supervision of such counsel;

    b.    Any expert or consultant who is expressly retained by any attorney described in Paragraph 9(a) to assist in this Action, and their employees, with disclosure only to the extent reasonably necessary to perform such work;

    c.    Any deponent:

        i.    if it appears that the deponent authored or received a copy of the Confidential Material;

        ii.    if it appears that the deponent was involved in the subject matter described therein;

        iii.    if the deponent is employed by the Disclosing Party; or

        iv.    if the Disclosing Party consents in writing to such disclosure.

    d.    The Court, jury, court personnel, court reporters, and other persons connected with the Court; and

    e.    Any other person whom the Disclosing Party agrees in writing may have access to such Confidential Material.

    10.    The persons described in Paragraphs 9(b), 9(c), and 9(e) herein shall have access to the Confidential Material only after: (a) counsel retaining, representing, interviewing, or deposing those persons has provided a copy of this Stipulation and Protective Order to such

persons for review; and (b) those persons manifest their assent to be bound by the provisions of this Stipulation and Protective Order by signing a copy of the annexed "NONDISCLOSURE AGREEMENT." Counsel shall produce a copy of any executed "NONDISCLOSURE AGREEMENT" to opposing counsel upon request prior to such person being permitted to testify (at deposition or trial) in the Action or at the conclusion of the Action, whichever comes first, except that counsel need not produce a "NONDISCLOSURE AGREEMENT" executed by any expert or consultant retained only for consulting purposes. Counsel shall retain copies of the signed "NONDISCLOSURE AGREEMENT" until the completion of this Action and the return or destruction of Confidential Material in accordance with Paragraph 27 herein.

***Designating and Producing Confidential Material***

11. Other than deposition transcripts and exhibits, the Disclosing Party or counsel thereof shall designate Confidential Material by stamping or otherwise clearly marking as "CONFIDENTIAL" the material in a manner that will not interfere with legibility or audibility.

12. If a Disclosing Party has designated a document or information as "CONFIDENTIAL," that Disclosing Party may remove such document or information from the scope of that protection by notifying all Parties in writing and re-producing the document or information without such designation.

***Objecting to Confidentiality Designations***

13. In the event a Party disagrees at any stage of this Action with any "CONFIDENTIAL" designation, such Party shall provide to the Disclosing Party, or to the Party that has designated a deposition transcript or portion thereof as Confidential Material, written notice of its disagreement with the designation, describing with particularity the Confidential

5

Material in question, and stating the grounds for objection. The Disclosing Party, or the Party that has designated a deposition transcript or portion thereof as Confidential Material, shall respond to the objection in writing within fourteen (14) days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. If no written response to the objection is made within fourteen (14) days, the challenged designation shall be deemed void. If a timely written response to the objection is made, counsel for the Parties shall first try to resolve the dispute in good faith by meeting and conferring. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court consistent with the Court's discovery rules. The burden shall be on the Disclosing Party, or the party that has designated a deposition transcript or portion thereof as Confidential Material, to make an adequate showing to the Court that the challenged designation of "CONFIDENTIAL" is appropriate.

***Filing Confidential Material in this Action and Use at Trial***

14. Any Party that intends to use only non-Confidential Material portions of a document that are reasonably separable from portions containing Confidential Material, at trial or as part of a letter, motion, or deposition, may request that the Disclosing Party provide a redacted version of that document.

15. Before filing any material designated as "CONFIDENTIAL" with the Court under seal, the Party wishing to file any Confidential Material or portion thereof under seal, and/or in redacted form on the public docket, must make a specific request to the Court by letter explaining the reasons for seeking to file in such manner. The Party must attach to its letter one full set of the relevant document(s) in highlighted form (*i.e.*, with the words, phrases, or paragraphs to be redacted highlighted). A Party shall not file on the Official Court Electronic

6

Document Filing System (ECF) any sealed, redacted, or Confidential Material without permission from the Court. To comply with Court deadlines, provided they are timely served, the papers containing Confidential Material shall be deemed to be filed on the date the Party delivers them to Chambers for review of the proposed redactions.

16. Any documents designated as "CONFIDENTIAL" that are designated in advance by any Party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court after such Party gives notice to the Disclosing Party that designated them as "CONFIDENTIAL" and affords such Disclosing Party with at least ten (10) days (or less, with leave of Court) to obtain an appropriate protective order from the Court.

*Notice of Breach*

17. If Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Protective Order, the person or Party responsible for the unauthorized disclosure must, within (5) days of discovering the disclosure, bring all pertinent facts relating to such disclosure to the attention of the Disclosing Party and, without prejudice to any other rights and remedies of the Parties or third parties, make every effort to prevent further disclosure by it or by the person who was the unauthorized recipient of such material, and seek prompt return or destruction of the Confidential Material from the unauthorized recipient.

*Clawback of Confidential Material*

18. If at any time prior to the termination of this Action, a Party realizes that it has produced Confidential Material without designating it as such, that Party may designate such material as "CONFIDENTIAL" by promptly notifying the Parties in writing. The notification

must designate the Confidential Material as "CONFIDENTIAL" according to this Stipulation and Protective Order. Such material will thereafter be treated as Confidential Material under the terms of this Stipulation and Protective Order. The Disclosing Party shall provide the Parties with replacement versions of such Confidential Material and follow the designation requirements of Paragraph 11 within (10) business days of providing such notice.

*Rights, Limitations, and Modifications*

19. Compliance with the terms of this Stipulation and Protective Order shall not operate as an admission that any particular document or information is or is not responsive, privileged, reflective of personally-identifiable information, or admissible in this Action.

20. Nothing in this Stipulation and Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nothing herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise Confidential prior to disclosure.

21. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifiable information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

22. This Stipulation and Protective Order may be changed only by further agreement of the Parties in writing or by order of the Court and is without prejudice to the right

of any Party to seek modification or judicial relief of this Stipulation and Protective Order by application to the Court on notice to counsel for the other Party.

23. This Stipulation and Protective Order shall remain in full force and effect until modified, superseded, or terminated either by consent of the Parties, or by order of the Court.

*Right to Assert Other Objections*

24. This Stipulation and Protective Order shall not be construed to waive or diminish any right to assert a claim of privilege or an objection of relevance, overbreadth, proportionality, or other grounds for not producing material requested during discovery. Access to all material (whether or not designated as "CONFIDENTIAL") shall be granted only as provided by the discovery rules and other applicable law.

*Severability*

25. The invalidity or unenforceability of any provision of this Stipulation and Protective Order shall not affect the validity or enforceability of any other provision of this Stipulation and Protective Order, which shall remain in full force and effect.

*Termination of the Litigation*

26. This Stipulation and Protective Order shall survive the termination of this Action, including any and all appeals, and remain in full force and effect unless modified by an order of this Court.

27. Within sixty (60) days of the termination of this Action, including final appellate action or the expiration of time to appeal or seek further review, all Confidential Material that has been designated in accordance with all of the requirements of Paragraph 11 herein, and all copies, reproductions, summarizations, extractions, and abstractions thereof, shall be returned to the Disclosing Party or destroyed. At the conclusion of this 60-day period, counsel for each Receiving Party shall provide to counsel for the Disclosing Party a certification stating that, to counsel's knowledge and belief, the Receiving Party has either returned or made commercially-reasonable efforts to destroy all Confidential Material in accordance with this Stipulation and Protective Order. Notwithstanding the foregoing, counsel may retain Confidential Materials that (i) constitute attorney-work product, (ii) were filed with the Court and/or marked as trial exhibits, or (iii) constitute deposition transcripts and exhibits, provided that such counsel otherwise comply with the provisions of this Stipulation and Protective Order with respect to such retained material.

28. This Court shall retain jurisdiction over all persons subject to this Stipulation and Protective Order for so long as such persons have Confidential Material and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED TO:**

| | |
|---|---|
| **EMERY CELLI BRINCKERHOFF & ABADY LLP** | **O'CONNOR MCGUINNES CONTE DOYLE OLESON WATSON & LOFTUS LLP** |

By: _____
Ilann Maazel
Emma L. Freeman
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-500

*Attorneys for Plaintiff*

Dated: New York, New York
April 22, 2020

By: _____
Elizabeth Holmes
Monica Snitily
One Barker Avenue, 6th Floor
White Plains, NY 10601

*Attorneys for Defendants*

Dated: New York, New York
April 22, 2020


**SO ORDERED:**

Dated: New York, New York
April 23, 2020

_____
Hon. Philip M. Halpern

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE and JOHN DOE,
Co-Administrators of the Estate
of A.A.,

                Plaintiffs,

  -against-

BEDFORD CENTRAL SCHOOL
DISTRICT; DR. CHRISTOPHER M.
MANNO; SUSAN OSTROFSKY;
HELAYNA HERSCHKORN;
and STEPHEN QUINN,

                Defendants.

Case No.: 18-cv-11797-PMH

**NONDISCLOSURE AGREEMENT**

     I, _____, state that:

     1.       My personal / work (circle one) address is_____.

     2.       My present employer, if applicable, is _____.

     3.       I have received a copy of the STIPULATION AND PROTECTIVE ORDER (the "Stipulation and Protective Order") entered in the above-entitled action on _____.

     4.       I have carefully read and understand the provisions of the Stipulation and Protective Order.

     5.       I will comply with all of the provisions of the Stipulation and Protective Order.

     6.       I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Protective Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

7. I will return all Confidential Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Material.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Protective Order in this Action, and I understand that my willful violation of any term of the Stipulation and Protective Order could subject me to punishment for contempt of Court.

_____
(Signature)

_____
(Printed Name)

Dated: _____