UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE and JOHN DOE, Co-
Administrators of the Estate of A.A.,

                    Plaintiffs,

          -against-

BEDFORD CENTRAL SCHOOL DISTRICT,
et al.,

                    Defendants.

---

**ORDER**

18-CV-11797 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court, on November 17, 2021, granted Defendants permission to move for summary judgment under Federal Rule of Civil Procedure ("F.R.C.P.") 56 on the two federal claims for relief raised in the Amended Complaint: (i) a claim under 42 U.S.C. § 1983 for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; and (ii) a claim under Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. (Nov. 17, 2021 Min. Entry). Defendants, on January 31, 2022, instead served a motion to dismiss under F.R.C.P. 12(b)(6). (Docs. 114-115, 116, "Def. Br."). Plaintiffs served their opposition on February 18, 2022 (Docs. 118-120), and all motion papers were filed along with Defendants' reply on March 18, 2022 (Doc. 117, "Reply").

The Court did not grant Defendants leave to move to dismiss under Rule 12(b)(6). Indeed, such a motion cannot be made after an answer is filed. *See* F.R.C.P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); *see also Sarikaputar v. Veratip Corp.*, No. 19-CV-11168, 2021 WL 3914064, at *2 (S.D.N.Y. Aug. 31, 2021) ("It is well-established that under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss for failure to state a claim must be made before an answer is filed." (internal quotation omitted)). Defendants had filed their Answer on January 8, 2021 and their Amended

Answer on March 15, 2022. (Doc. 80; Doc. 112). The parties engaged in extensive discovery, prepared a Rule 56.1 statement, and filed pre-motion *summary judgment* letters with the Court (Doc. 82; Doc. 118; Docs. 90-91). Moreover, in addition to violating the plain language of Rule 12(b) and disregarding the procedural context of the case, Defendants' filing of a motion to dismiss was done without regard to Rule 4(C) of the Court's Individual Practices which would have required, *inter alia*, the exchange of pre-motion letters regarding "specific pleading deficiencies." In sum, there was simply no basis for the filing of a motion to dismiss.[1]

Defendants' argument in their reply brief, drafted by new counsel, that although "Defendants' initial motion papers incorrectly reference FRCP 12, any suggestion that Defendants knowingly served a motion to dismiss is contrary to the procedural history of their motion" (Reply at 1) does not save this deficient motion. The opening brief relies only on legal arguments and does not once cite to the record or the Rule 56.1 statement. (*See generally* Def. Br.). It was filed as a Rule 12(b)(6) motion, and it was written like one. Even if the motion truly was intended to be made under Rule 56 (with Rule 12(b)(6) invoked erroneously), then it failed entirely to adhere to the requirement that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

Defendants' new arguments in reply that there are no genuine issues of material fact cannot resurrect this motion. (Reply at 2-6). These arguments are unequivocally waived. *Parnass v. Brit. Airways, PLC*, No. 19-CV-04555, 2021 WL 4311342, at *7 (S.D.N.Y. Sept. 21, 2021) ("It is well-established that arguments raised for the first time in a movant's reply are waived."). Plaintiffs had

---

[1] The Court notes also that, to the extent Defendants argue in their motion to dismiss that section 1983 damages are not available here for violations of IDEA (Def. Br. at 1), that issue was already decided by Judge Briccetti on Defendants' first motion to dismiss and is, therefore, law of the case. (Doc. 52 at 13).

no opportunity to respond because the entirety of Defendants' opening brief focused, improperly, on Rule 12(b)(6) arguments.

Even if these arguments were not waived, it appears that there are substantive issues of material fact that would preclude summary judgment. With respect to Plaintiffs' IDEA claim, there is, for example, an issue of fact regarding whether and the extent to which Defendants met their obligation under A.A.'s [2] Individualized Education Plan to "call or email the parents, as needed, in order to notify parents of any changes in behavior." (Doc. 119-17). As for the Section 504 claim, there is, similarly, an issue of fact regarding Defendants' bad faith or gross misjudgment. *See, e.g. Gabel ex rel. L.G. v. Bd. of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 336 (S.D.N.Y. 2005) ("[P]laintiffs have alleged gross negligence in the District's many failures . . . and have adduced enough evidence of same to get them to a jury.").

In light of the foregoing, Defendants' motion is DENIED. Plaintiffs' federal claims for relief under IDEA through 42 U.S.C. § 1983 and under Section 504—along with their four state claims for relief—shall proceed to trial.

A pretrial conference has been scheduled for December 19, 2022 at 2:30 p.m. in Courtroom 520 of the White Plains Courthouse.

The parties shall meet and confer and file, by December 1, 2022, proposed pretrial materials in accordance with Rules 6(A) and 6(B) of the Court's Individual Practices.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 114.

---

[2] The child on whose behalf Plaintiffs sue.

**SO-ORDERED:**

Dated:  White Plains, New York
       October 7, 2022

_____
Philip M. Halpern
United States District Judge